CASE 13.—ACTION BY CHARLES C. MILLER AGAINST
    HENRY DERSCH AND OTHERS, CONSOLIDATED
    WITH AN ACTION BY HENRY DERSCH AGAINST
    THE COTTAGE BUILDING ASSOCIATION NO. 2,
    OF COVINGTON AND OTHERS.—November 19,
    1909.

## Dersch, &c. v. Miller

Appeal from Kenton Circuit Court, (Common Law
and Equity Division).

M. L. HARBESON, Judge.

Judgment for plaintiff, Chas. C. Miller, and de-
fendant Henry Dersch and another appeal—
Affirmed.

1.  Mechanics' Liens — Constructing Sidewalks — Personal
    Liability of Abutting Owner.—A contract between an owner
    of property abutting on a street and a contractor for the
    construction by the latter of a sidewalk in front of the
    property and steps leading into the property personally binds
    the owner, and a personal judgment may be rendered against
    him thereon, though the contractor, under Ky. St., Sec. 2463,
    acquired a lien on the property in question.
2.  Appeal and Error—Presumptions—Validity of Judgment.—
    In the absence of a showing to the contrary, the court on
    appeal must presume that the judgment justified by the
    petition was proper.

J. M. DIAL for appellants.

A. E. STRICKLETT for appellee.

OPINION OF THE COURT BY JUDGE SETTLE —Affirm-
ing.

The appellee, Charles C. Miller, under a contract
made with the appellant Louis Noble, constructed in

front of the latter's lot, in the city of Latonia, a
sidewalk and steps leading into the lot, at a cost of
$117.93. Upon the completion of the work appellee,
by filing in the office of the clerk of the Kenton
county court the statement required by section 2463,
Ky. St. (section 2383, Russell's St.), duly acquired
a lien upon the lot in question. Noble having failed
to pay the debt, appellee, within the time fixed by
the statute, instituted suit thereon in the court below
to recover personal judgment of Noble and obtain
the enforcement of his mechanic's lien upon the lot
mentioned. The petition contained an accurate de-
scription of the lot and the usual statements of fact
necessary in such cases to manifest the lien. The
Cottage Building Association No. 2, of Covington,
and the appellant Henry Dersch were made defend-
ants; it being alleged in the petition that each
claimed a lien of some sort upon the lot in question,
which they were called upon to assert.

Shortly after the institution of appellee's action,
the appellant Dersch brought an action in the Ken-
ton circuit court—but whether in the same division
in which appellee's action was brought does not ap-
pear from the record—to enforce a mortgage lien
for $225, claimed to exist in his favor upon the
same lot. In the latter action the Cottage Building
Association No. 2, of Covington, seems to have filed
an answer, which was made a cross-petition against
Noble, also asserting a lien upon the same property;
but neither the building association nor the appel-
lant Dersch appears to have filed an answer in the
action brought by the appellee. It does appear, how-
ever, from an order found in the record that on
motion of the Cottage Building Association the ac-
tion brought by the appellant Dersch was con-

solidated with that of appellee, and that by a further order the answer and cross-petition of the building association was taken and to be considered as its answer and cross-petition in the latter case; but no order was entered allowing the petition in the suit brought by appellant Dersch to be taken as his answer to the petition in the action brought by appellee. No defense was interposed by the appellant Noble in either action.

Judgment was rendered in the court below in appellee's favor against Noble for the amount of his debt and costs. In addition, appellee and the Cottage Building Association were given judgment for the enforcement of their lien; that of the building association being given priority. The appellant Dersch was also given judgment for the enforcement of his lien upon the same property; but his lien was adjudged inferior to those of appellee and the Cottage Building Association. From the judgment in question both Dersch and Noble have appealed.

It is contended by Noble that the court below erred in giving appellee a personal judgment against him for the amount of his debt; and this is his sole complaint, which rests upon the theory that as to such a claim only a judgment in appellee's favor enforcing the lien was proper. The contention is untenable. It is true that in the matter of improvement liens made under the ordinances of a city this court has held that a personal judgment against the property owner is not allowable, the contractor being, in such cases, restricted to the enforcement of his lien; but this rule does not obtain where the improvement is made under a contract between the maker of the improvement and the owner of the

property. In the latter case the contract, like any other, personally binds the property owner and renders him liable for the cost of the improvement. Therefore the personal judgment against him was proper.

It is complained by the appellant Dersch that his mortgage lien was created before the filing by appellee of the statement for his mechanic's lien in the clerk's office, and therefore the circuit court erred in giving appellee priority. If this were true, Dersch would seem to be entitled to the priority claimed; but it does not so appear from the record. Though made a defendant in the action brought by appellee, Dersch did not, by answer or otherwise, set up his mortgage lien in that action or claim priority over that of appellee. The petition in his action was not made an answer to appellee's petition, and no defense or objection was made by him to appellee's lien, or as to the priority thereof. Indeed, the record is incomplete, presenting only a partial showing of the proceedings had in the two cases in the court below. In the absence of a complete record, and the petition of appellee being sufficient to support the judgment in his behalf, we must take it for granted that the court had before it all the facts sufficient to justify it in giving appellee's lien priority over that of the appellant Dersch. In other words, in the absence of a showing to the contrary, we must conclude that the judgment of the circuit court is in all respects such a judgment as should have been rendered in the case.

As the appellants did not file schedule in the office of the clerk of the circuit court within the time required by the Code we might have summarily disposed of the appeal by dismissing it; but, its dis-

missal not being asked upon that ground, we have concluded to dispose of the case as otherwise presented by the record, upon the merits.

Judgment affirmed.

On Petition For Rehearing by Judge Hobson.

Section 2463, Ky. St. (Russell's St. § 2383), provides: "A person who performs labor or furnishes materials, * * * for the improvement, in any manner, of real estate by contract with, or by the written consent of, the owner, contractor, subcontractor, architect or authorized agent, shall have a lien thereon, and upon the land upon which said improvements shall have been made or on any interest such owner has in the same to secure the amount thereof with costs; and said lien on the land or improvements shall be superior to any mortgage or incumbrance created subsequent to the beginning of the labor or the furnishing of the material; and said lien, if asserted as hereinafter provided, shall relate back and take effect from the time of the commencement of the labor or the furnishing of the materials: Provided, that such lien shall not take precedence of a mortgage or other contract, lien or bona fide conveyance for value without notice, duly recorded or lodged for record according to law, unless the person claiming such prior lien shall, before the recording of such mortgage or other contract lien or conveyance, have filed in the clerk's office of the county court of the county wherein he shall have performed labor or furnished material, or shall expect to perform labor or furnish materials, as aforesaid, a statement showing that he has performed or furnished, or that he expects to perform or furnish, such labor or materials, and the amount

in full thereof, and his lien shall not, as against the holder of said mortgage or other contract lien or conveyance, exceed the amount of the lien claimed, or expected to be claimed, as set forth in such statement.''

It will be observed that by the statute the person who makes the improvement is given a superior lien on the land, which takes effect from the time of the commencement of the labor or the furnishing of the materials. But it is provided that this lien shall not take precedence of a mortgage for value without notice duly recorded or lodged for record unless the person furnishing the labor or material has first filed his statement in the county clerk's office as provided by the statute. It will thus be seen that the mechanic has the superior lien, though he fails to file any statement in the county clerk's office, except as to a mortgage for value without notice regularly lodged for record. Under the statute, Miller had a superior lien, unless Dersch's mortgage was for value and without notice. It was incumbent on Dersch, under the statute, to show that he was a bona fide purchaser without notice, in order for him to have priority over Miller. This he did not do. His pleadings are entirely silent on this subject. He who claims priority as a bona fide purchaser without notice must plead the facts. 2 Pomeroy's Equity, §§ 784, 785; Deskins v. Big Sandy Co., 121 Ky. 601, 89 S. W. 695, 28 Ky. Law Rep. 565. Under the pleadings, as well as the proof, the circuit court properly gave Miller priority.

The petition for rehearing is therefore overruled.